**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**HENRY HINTON, JR.**                                                                 **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 5:16-cv-33-DCB-MTP**

**JANET MOORE and KIM SNOW**                                             **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims

against Defendant Kim Snow should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure

to state a claim.  Having considered the record and applicable law and having conducted a

*Spears*[1] hearing on the issues, the undersigned recommends that Plaintiff's claims against

Defendant Snow be dismissed.  This case should continue as to the remaining Defendant, Janet

Moore.

**BACKGROUND**

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject

matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331.  This lawsuit arises

from events which took place while Plaintiff was incarcerated at the Pike County Jail.

According to Plaintiff, he entered the jail as a pretrial detainee on June 30, 2014, and was housed

in the jail as a pretrial detainee until October 6, 2015, when he was convicted of multiple

felonies.  He continued to be housed at the jail as a post-conviction inmate until November 24,

2015.  Plaintiff is currently in the custody of the Mississippi Department of Corrections

("MDOC").  Plaintiff's claims and relief sought were clarified and amended by his sworn

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

testimony at the *Spears* hearing.[2]

According to Plaintiff, on his second day at the jail, Defendant Nurse Janet Moore was performing an intake evaluation on Plaintiff.  Plaintiff told Nurse Moore that he did not have high blood pressure but needed to be provided a low salt diet because he has "high blood pressure tendencies."  Allegedly, Nurse Moore told Plaintiff that she decides what inmates need and that the jail does not offer a low salt diet.  Plaintiff alleges that he began submitting several sick calls because he was suffering from headaches and dizzy spells, but Nurse Moore refused to see him for all of the sick calls.

On November 16, 2014, Plaintiff was taken to the Osyka Medical Clinic, where Defendant Nurse Kim Snow examined Plaintiff and noted that his blood pressure was high. Plaintiff requested that Nurse Snow provide him an order requiring a low salt diet.  Nurse Snow allegedly stated that she had been informed that the jail did not provide a low salt diet.[3]  Nurse Snow provided Plaintiff a medication for high blood pressure.

Once he returned to the jail, he continued to submit sick calls, and on December 19, 2014, his right arm "locked up."  Allegedly, Plaintiff informed Nurse Moore that he thought that he had suffered a stroke, and Nurse Moore stated that it would teach him to stay out of jail. According to Plaintiff, after he was transferred to MDOC custody, a doctor confirmed that he had suffered a stroke.  Plaintiff also alleges that since he has been in MDOC custody, he has

---

[2] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

[3] Plaintiff conceded that he does not know who told Nurse Snow that the jail did not provide a low salt diet, but he speculated that Nurse Moore told Nurse Snow this information.

been provided a low salt diet and has been taken off medications for high blood pressure.
Additionally, Plaintiff alleges that a kitchen worker informed him that the jail did, in fact,
provide low salt meals if ordered by the medical staff.

## ANALYSIS

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner
proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if
the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to
state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant
who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, Section
1915(e)(2) applies to the instant case.

To the extent Plaintiff asserts claims against Nurse Snow pursuant to 42 U.S.C. § 1983,
those claims should be dismissed.  Section 1983 "neither provides a general remedy for the
alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of
all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683
(5th Cir. 1981).  Rather, "[i]t affords a remedy only to those who suffer, as a result of state
action, deprivation of 'right, privileges, or immunities secured by the Constitution and laws' of
the United States." *Id*. (quoting 42 U.S.C. § 1983).  Accordingly, Plaintiff must state a claim as
to the following two elements: (1) deprivation of a right secured by the Constitution or laws of
the United States and (2) the deprivation was caused by a person acting under color of state law.

Regarding the state-actor element, the Court will assume, for purposes of screening
Plaintiff's Section 1983 claims, that Plaintiff could prove that Nurse Snow was acting under
color of state law.  Regarding the deprivation of a constitutionally protected right, Plaintiff

claims that Nurse Snow deprived him of adequate medical care.

Plaintiff was a pretrial detainee at the time of his interaction with Nurse Snow. "Unlike convicted prisoners, whose rights to constitutional essentials like medical care and safety are guaranteed by the Eighth Amendment, pretrial detainees look to the procedural and substantive due process guarantees of the Fourteenth Amendment to ensure provisions of these same basic needs." *Jacobs v. West Feliciana Sheriff's Dep't.*, 228 F.3d 388, 393 (5th Cir. 2000) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). The United States Court of Appeals for the Fifth Circuit, however, applies the same standard for assessing constitutional claims of denial of adequate medical care to pretrial detainees under the Fourteenth Amendment as it does for denial of adequate medical care to convicted inmates under the Eighth Amendment. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001); *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996).

To satisfy this standard, a plaintiff must allege facts showing that "the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference." *Hare*, 74 F.3d at 650. Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

An official is not deliberately indifferent unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id*. at 838. Plaintiff must "submit evidence that prison officials 'refused to treat him,

ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 965 (5th Cir 2004) (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute [a constitutional] violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, an inmate's disagreement with medical treatment does not state a claim for deliberate indifference to medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

Plaintiff has not alleged facts which if true would demonstrate that Nurse Snow knew of and disregarded a substantial risk of harm to Plaintiff's health. Nurse Snow did not ignore Plaintiff's complaint or deny him medical treatment. To the contrary, Plaintiff's allegations demonstrate that, during her single encounter with Plaintiff, Nurse Snow was responsive to Plaintiff's medical needs. Nurse Snow examined Plaintiff and provided him a medication for high blood pressure. Plaintiff's disagreement with the course of treatment does not rise to the level of a constitutional violation. *Norton*, 122 F.3d at 292. Even if Nurse Snow's actions were negligent, such is insufficient to state a cognizable claim under Section 1983. *Domino*, 239 F.3d at 756. Thus, Plaintiff has failed to state a Section 1983 claim against Nurse Snow.

To the extent Plaintiff seeks to bring a medical malpractice claim against Nurse Snow

and have this Court exercise supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367, that claim should be dismissed because Plaintiff failed to comply with the notice requirement of Miss. Code Ann. § 15-1-36(15).[4]

Miss. Code Ann. § 15-1-36 provides that "no claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, institution for the aged or infirm, nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered." The statute also provides as follows: "No action based upon the health care provider's professional negligence *may be begun unless* the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." Miss. Code Ann. § 15-1-36(15) (emphasis added).

Plaintiff filed this action on May 2, 2016. On August 10, 2016, Plaintiff submitted a copy of a "Notice of Civil Action" which he purportedly mailed to Nurse Snow on May 3, 2016, the day after he filed this action. *See* Motion [18] at 3-5. The Mississippi Supreme Court, however, requires strict compliance with the *pre-suit* notice requirement. *See Fowler v. White*, 85 So. 3d 287, 291 (Miss. 2012) ("[T]he failure to satisfy the presuit-notice requirement mandates dismissal without prejudice."); *see also Arceo v. Tolliver*, 949 So. 2d 691 (Miss. 2006)

---

[4] The Court will assume, for purposes of screening Plaintiff's state law claim, that Nurse Snow is not exempt from liability pursuant to the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq.* The MTCA provides that a government subdivision or its employee shall not be liable for a claim "of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary, or other such institution regardless of whether such claimant is or is not an inmate . . . when the claim is filed." Miss. Code Ann. § 11-46-9(1)(m).

(reversing trial court's order abating rather than dismissing action for failure to give statutory notice and declaring that failure to give notice warrants dismissal of the action); *Herrington v. Promise Specialty Hosp.*, 665 F.Supp.2d 708, 711 (S.D. Miss. 2009) ("The Mississippi courts have made it clear that failure to provide sixty days' written notice before beginning a medical malpractice action results in dismissal without prejudice.").  The Mississippi Supreme Court has also described the pre-suit notice requirement as "mandatory and jurisdictional" in the sense that a defendant "need not plead or argue it as a defense." *Saul v. Jenkins*, 963 So.2d 552, 554 (Miss. 2007).  Additionally, the pre-suit notice requirement is substantive, rather than procedural and, therefore, is applicable in this action in federal court. *See Redmond v. Astrazeneca Pharmaceuticals LP*, 492 F.Supp.2d 575 (S.D. Miss. 2007).  Plaintiff's pleadings demonstrate that Plaintiff did not provide Nurse Snow notice of this action until after it was filed.  Therefore, Plaintiff's medical malpractice claim should be dismissed.

## RECOMMENDATION

Plaintiff fails to state a claim against Defendant Nurse Kim Snow upon which relief may be granted.  Therefore, the undersigned recommends that Plaintiff's claims against Nurse Snow be dismissed with prejudice pursuant to Section 1915(e)(2)(B)(ii).  This case should continue as to the remaining Defendant, Janet Moore

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 3rd day of November, 2016.

s/ Michael T. Parker
United States Magistrate Judge