```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                          WESTERN DIVISION
```

HENRY HINTON, JR.                                          PLAINTIFF

v.                                CIVIL ACTION NO. 5:16-cv-33-DCB-MTP

JANET MOORE and
KIM SNOW                                                  DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation (docket entry 25). Therein, Judge Parker recommends that Plaintiff's claims against defendant Kim Snow be dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Having reviewed the Report and Recommendation, Plaintiff's objections thereto, and applicable statutory and case law, the Court finds as follows:

I. Factual and Procedural Background

Plaintiff Henry Hinton is currently in the custody of the Mississippi Department of Corrections ("MDOC"). This case arises from events that occurred while the plaintiff was incarcerated at the Pike County Jail. Hinton was housed in the jail as a pretrial detainee from June 30, 2014 until October 6, 2015, when he was convicted of multiple felonies. Hinton remained at the jail as a post-conviction inmate until November 24, 2015.

During his second day at Pike County Jail, Hinton claims that defendant Nurse Janet Moore performed his intake evaluation.

1

During this evaluation, Hinton told Nurse Moore that he did not have high blood pressure but that he needed to be provided a low salt diet due to his high blood pressure tendencies. Nurse Moore allegedly told Hinton that the jail did not offer a low salt diet and that she would decide what the inmates needed. Hinton claims he submitted several sick calls in the months following his evaluation, but Nurse Moore allegedly refused to see him.

On November 16, 2014, Hinton was taken to the Osyka Medical Center, where he was examined by defendant Nurse Kim Snow. During this examination, Nurse Snow determined that Hinton's blood pressure was high and prescribed him medication to address the problem. Hinton requested that Nurse Snow provide him with an order requiring a low salt diet, but Nurse Snow allegedly denied Hinton's request and stated that she was informed the jail did not provide low salt diets.

On December 19, 2014 after returning to the jail, Hinton informed Nurse Moore that he thought he had suffered a stroke after his right arm "locked up." Allegedly, Nurse Moore responded that it would teach Hinton to stay out of jail. Hinton continued to submit sick calls after experiencing continued headaches, numbness, and dizziness, but he claims that Nurse Moore refused to see him. Hinton alleges that after he was transferred to MDOC custody in November 2015, he was taken off high blood pressure medication and placed on a low salt diet. Hinton also alleges

2

that he spoke with the kitchen supervisor at the Pike County jail, who informed him that low salt meals could be provided if ordered by the medical staff.

Hinton filed his pro se complaint on May 2, 2016, alleging claims against Nurse Moore and Nurse Snow under 42 U.S.C. § 1983 and medical malpractice against Nurse Snow under state law.[1] On November 3, 2016, Magistrate Judge Parker entered his Report and Recommendation sua sponte to dismiss all claims against Nurse Snow for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).[2] Hinton timely filed an Objection to Judge Parker's recommendation on November 19, 2016.[3]

## II. Magistrate Judge's Findings

In his Report and Recommendation, Judge Parker found that Hinton failed to state any cognizable claim against defendant Snow

---

[1] On October 26, 2016, the parties participated in a Spears hearing before Magistrate Judge Parker, and Plaintiff's claims and desired relief were amended and clarified by his sworn testimony during that hearing. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Flores v. Livingston, 405 Fed. App'x 931, 932 (5th Cir. 2010); Riley v. Collins, 828 F.2d 306, 307 (5th Cir. 1987) (noting that allegations made at a Spears hearing supersede claims alleged in the complaint).

[2] Under 28 U.S.C. § 1915(e)(2)(B) the Court may dismiss a proceeding in forma pauperis at any time if the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[3] Objections to the Report and Recommendation of a magistrate judge must be filed within fourteen days. 28 U.S.C. § 636(b)(1). But when service is made by regular mail as in this case, three days are added to the filing deadline. Fed. R. Civ. P. 6(d). Objections to the Report and Recommendation were therefore due on November 21, 2016. The envelope in which Hinton's objections were mailed is postmarked November 19, 2016. See Doc. 27-1. Thus, the Court accepts the plaintiff's objections as timely. See Thompson v. Rasberry, 993 F.2d 513, 515 (5th Cir. 1993) ("A pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court.").

3

under § 1983 because Nurse Snow's alleged conduct failed to establish a deliberate indifference to Hinton's medical needs. Nurse Snow was responsive to Hinton's medical needs by providing him with high blood pressure medication; therefore, Hinton's allegations were insufficient to show that Nurse Snow "knew of and disregarded a substantial risk of harm to the plaintiff's health." Report & Recommendation, p. 5. Absent any constitutional violation by Nurse Snow, Judge Parker concluded that Hinton's § 1983 claims must be dismissed.

Judge Parker also recommended that Hinton's medical malpractice claim be dismissed based on the pre-suit notice requirement set forth in Mississippi Code 15-1-36. Because Hinton failed to provide Nurse Snow with 60 days' written notice prior to filing suit, Judge Parker concluded that Hinton's state law claim should also be dismissed.

### III. Plaintiff's Objections

When a party objects to the Magistrate's proposed findings and recommendations under 28 U.S.C. § 636(b)(1), the Court conducts a de novo review of those recommendations to which an objection is made. See Fed. R. Civ. P. 72(b)(3); Shelby v. Kind, 2012 WL 1455988 (S.D. Miss. April 27, 2012). However, merely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive de novo review, and those portions of the report not objected to are reviewed only for plain error.

4

Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). The Court is not required to reiterate the findings and conclusions of the magistrate judge, nor is it required to consider objections which are frivolous, conclusive or general in nature. Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993); Battle v. U.S. Parole Commission, 834 F.2d 419, 421 (5th Cir. 1997). After its review, the Court may accept, reject, or modify the recommendation of the magistrate judge, receive further evidence in the case, or return the matter to the magistrate with further instructions. Reid v. Astrue, 2011 WL 4101277 (S.D. Miss. Sept. 8, 2011).

Hinton timely filed an objection to the Report and Recommendation, arguing that Judge Parker erred in finding that: (1) Nurse Snow was not deliberately indifferent to Hinton's medical needs; (2) his claims against Nurse Snow should be dismissed while allowing the § 1983 conspiracy claim against Nurse Moore to move forward; and (3) Hinton failed to comply with the pre-suit notice requirement for his medical malpractice claim. Objection, pp. 5-9.

In his first objection, Hinton argues that the allegations set forth in his complaint are sufficient to demonstrate that Nurse Snow acted with deliberate indifference towards his medical needs. Specifically, Hinton argues that Nurse Snow ignored his complaints

5

and failed to treat him when she exited the exam room after denying his request for a low salt diet. To assert a constitutional claim for the denial of adequate medical care, the plaintiff must allege facts showing that "the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996); Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (deliberate indifference "is an extremely high standard to meet"). Here, Nurse Snow examined Hinton at the Osyka Medical Center, identified his high blood pressure problem, and prescribed him with medication to address his needs. Based on these facts, the Court is unpersuaded that Nurse Snow's alleged conduct is sufficient to give rise to a constitutional violation. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 2001) (finding that an inmate's disagreement with medical treatment is insufficient to state a viable constitutional claim for indifference to medical needs). Therefore, this objection is overruled.

In his second objection, Hinton appears to argue that Nurse Snow and Nurse Moore conspired to deprive him of a low salt diet, and that some constitutional claim against Nurse Snow must survive since the Court has not yet dismissed any claims against Nurse Moore. To the extent that Hinton is claiming Nurse Snow conspired to deprive him of medical treatment, Hinton's allegations fall

6

short.  "To prevail on a § 1983 conspiracy claim, a prisoner must show the existence of a conspiracy and a deprivation of civil rights in furtherance of that conspiracy." Lunsford v. Tingle, 2011 WL 4388634, *6 (S.D. Miss. Sept. 20, 2011) (citing Thompson v. Johnson, 348 Fed. App'x 919, 922 (5th Cir. 2009)); see Anderson v. King, 2008 WL 624911, *7 (S.D. Miss. Mar. 4, 2008) (conclusory allegations of conspiracy are insufficient).  Plaintiffs must "prove an actual deprivation of a constitutional right; a conspiracy to deprive is insufficient." Id.  As discussed above, Hinton has failed to allege any facts supporting his contention that Nurse Snow conspired to deprive him of medical treatment.  Even if Nurse Snow agreed not to order Hinton a low salt diet at the direction of Nurse Moore, this conduct alone does not amount to a constitutional violation.  Nurse Snow adequately treated Hinton by providing medication to remedy his high blood pressure.  Because Hinton's complaint fails to state any constitutional violation by Nurse Snow, this objection is overruled.

In his third objection, Hinton argues that his medical malpractice claim against Nurse Snow should survive because he submitted notice before the Court accepted jurisdiction over his state law claim.  Hinton, however, misinterprets the pre-suit notice provision governing his claim.  Mississippi Code Section 15-1-36(15) provides that "no action based upon [a] health care provider's professional negligence may be begun unless the

7

defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." Hinton filed this action on May 2, 2016, and he allegedly mailed written notice to Nurse Snow on May 3, 2016. Objection, p. 7. Because Hinton failed to provide Nurse Snow with notice of this action until after it was filed, Hinton's third objection is overruled.

## IV. Order

Having conducted a de novo review of the portions of the Report and Recommendation objected to, and having reviewed the remainder for plain error, the Court is satisfied that Judge Parker has issued a thorough opinion. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (docket entry 27) are OVERRULED;

FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (docket entry 25) is hereby ADOPTED;

FURTHER ORDERED that Plaintiff's claims against defendant Kim Snow are DISMISSED WITH PREJUDICE.

SO ORDERED this the 13th day of February, 2017.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE