IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HENRY HINTON, JR.**                                               **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 5:16-cv-33-DCB-MTP**

**JANET MOORE**                                                 **DEFENDANT**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Trial by Jury or District Judge [72]. Having carefully considered the Motion, the record, and the applicable law, the Court finds that the Motion should be denied.

On May 2, 2016, Plaintiff, a *pro se* prisoner, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant failed to provide him adequate medical care. Plaintiff did not request a trial by jury. On May 16, 2016, the district judge referred this action to the undersigned magistrate judge for proceedings pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. *See* Order [8]. On October 26, 2016, the undersigned conducted an omnibus hearing for the combined purposes of conducting a *Spears*[1] hearing, scheduling/case management hearing, and discovery conference. *See* Omnibus Order [24].

On December 7, 2017, the undersigned conducted a pretrial conference with the parties and entered an order, setting this action for trial/evidentiary hearing on December 19, 2017. *See* Pretrial Order [66]; Notices of Pretrial Conference [45] [62]. The Court informed the parties as follows:

> At the conclusion of the trial, the undersigned will enter a written report and recommendation setting forth the undersigned's findings of fact and recommendations to the District Judge. In accordance with the rules and 28 U.S.C.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

> § 636(b)(1), any party, within fourteen days after being served a copy of the report and recommendation, may serve and filed written objections to the report and recommendation.

*See* Pretrial Order [66].

On December 19, 2017, however, the Court entered an Order [68] continuing the trial due to a scheduling problem. That same day, the undersigned conducted a telephonic conference during which the parties agreed to a new trial date. The Court set this action for trial on January 29, 2018, and again informed the parties that the undersigned would enter a report and recommendation following the trial. *See* Order [69].

On January 22, 2018, seven days prior to the trial, Plaintiff filed the instant Motion [72] requesting a trial by jury, or in the alternative, a trial before the district judge. Pursuant to Fed. R. Civ. P. 38(b), a demand for a jury trial must be made "no later than 14 days after the last pleading directed to the issue is served . . . ." The last pleading directed to the issues in this matter was Defendant's Answer [9], which was filed more than twenty months ago, on May 19, 2016. It is undisputed that Plaintiff failed to timely demand a jury.

However, Fed. R. Civ. P. 39(b) provides that "[i]ssues on which a jury is not properly demanded are to be tried by the court[,] [b]ut the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Courts have broad discretion in determining whether to grant Rule 39(b) motions. *See Farias v. Bexar County*, 925 F.2d 866, 873 (5th Cir. 1991); *Swofford v. B&W, Inc.*, 336 F.2d 406, 408 (5th Cir. 1964) ("Under that rule the court has a broad discretion in determining whether to relieve a party from waiver of jury trial, and its decision will be reversed only for abuse of discretion."). In exercising their discretion, courts should grant jury trials "in the absence of strong and compelling reasons to the contrary." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).

Courts utilize the following five factors to guide their consideration of a motion pursuant to Rule 39(b):

(1) whether the case involves issues which are best tried to a jury;

(2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

(3) the degree of prejudice to the adverse party;

(4) the length of the delay in having requested a jury trial; and

(5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp.*, 916 F.2d at 1064.

Concerning the first factor, the Court finds that many of the issues in this Section 1983 case involve questions of fact, which would be appropriate for a jury. However, the vast majority of *pro se* prisoner cases, such as this one, are tried to the bench without a jury in this district. Indeed, Plaintiff has two other cases set for bench trials on the same day as this one.[2] There is no jury demand in either of those two cases. This factor weighs slightly in favor of granting the Motion [72]. The second factor, however, weighs in favor of denying the Motion. Plaintiff's Motion was filed after entry of the pretrial order and only one week prior to the trial/evidentiary hearing. All arrangements have been made to begin this trial on January 29, 2018. The trial of this matter has been continued once already, and granting the Motion would necessitate another continuance and disrupt the schedules of the Court and Defendant. Indeed, granting the Motion would require another judge—the district judge—to preside over the trial as this is not a consent case.

---

[2] *See* Civil Action No. 5:15-cv-77-DCB-MTP; Civil Action No. 5:16-cv-14-KS-MTP.

The third factor also weighs in favor of denying the Motion. Defendant has prepared for a bench trial on January 29, 2018, and an order continuing the trial for a second time and requiring Defendant to prepare anew for a jury trial would result in prejudice. As previously mentioned, Plaintiff has two other cases set for trials on January 29, 2018, and the parties in all three cases have submitted one common set of exhibits for the defendants and one common set of exhibits for the Plaintiff to be utilized in each of the three cases. Concerning the fourth factor, the Court notes that, pursuant to Rule 38(b), the deadline for Plaintiff to demand a jury trial ran nearly twenty (20) months ago. Additionally, as previously noted, Plaintiff waited until after the pretrial order was entered and the trial was rescheduled to demand a jury. This factor weighs heavily in favor of denying the Motion.

Concerning the fifth and final factor, Plaintiff points out that he is proceeding *pro se* and asserts that he did not discover Rule 38(b) until long after he filed this action. The Court is aware of the difficulties *pro se* litigants face. However, "[a] *pro se* litigant's 'unfamiliarity with court proceedings does not relieve him' of the duty to abide by procedural rules . . . ." *Roberson v. United States*, 2014 WL 7149744, at *2 (S.D. Miss. Dec. 15, 2014) (citing *Washington v. Jackson State Univ.*, 532 F.Supp.2d 804, 809 (S.D. Miss 2006); *Mikesell v. Brown*, 55 Fed. App'x. 717, at *1 n. 1 (5th Cir. 2002)). Plaintiff's *pro se* status may have been a valid excuse for a brief delay in demanding a jury but it does not provide Plaintiff an excuse for ignoring the rules of this Court for more than twenty months.

Upon due consideration of the foregoing factors, the Court finds strong and compelling reasons to deny Plaintiff's request for a jury trial.

As alternative relief, Plaintiff requests a trial before the district judge. Plaintiff argues that he "has not given his consent to have the magistrate [hear] this action." The consent of the

4

parties is required for a magistrate judge to conduct all proceedings and enter a judgment in the case. *See* 28 U.S.C. § 636(c)(1). No such consent is required, however, where the district judge refers a prisoner's petition challenging conditions of confinement to a magistrate judge for an evidentiary hearing and to make findings and recommendations.

> [A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications of posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1)(B); *see also Ford v. Estelle*, 740 F.2d 374, 376-77 (5th Cir. 1984).

As previously mentioned, on May 16, 2016, the district judge referred this action to the undersigned magistrate judge for proceedings pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. *See* Order [8]. Thus, Plaintiff's lack of consent does not preclude the undersigned from conducting the trial/evidentiary hearing. The ultimate decision-making authority, however, is retained by the district judge. All parties will be afforded an opportunity to object to the undersigned's findings and recommendations, and the district judge is free to accept, reject, or modify the undersigned's findings and recommendations. The Court also notes that Plaintiff's request comes after the pretrial order was entered and only seven days before the trial. The request also comes more than a year after the deadline for filing motions—January 16, 2017. *See* Omnibus Order [24]. Accordingly, the request will be denied.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Trial by Jury or District Judge [72] is DENIED.

SO ORDERED this the 25th day of January, 2018.

s/Michael T. Parker<br>
UNITED STATES MAGISTRATE JUDGE