IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HENRY HINTON, JR.                                          PLAINTIFF

VS.                               CIVIL ACTION NO. 5:16-cv-33(DCB)(MTP)

NURSE JANET MOORE                                          DEFENDANT

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation of United States Magistrate Judge Michael T. Parker **(docket entry 78)**, on the plaintiff Henry Hinton, Jr.'s Motion for New Trial **(docket entry 79)**, on the plaintiff's Motion for Default as Sanction and Contempt **(docket entry 80)**, and on the plaintiff's Motion to Extend Time to File Objections **(docket entry 82)**. Having carefully considered the record in this case, the Report and Recommendation, and the plaintiff's subsequent motions, the Court finds as follows:

This cause was originally filed by the plaintiff on May 2, 2016, against defendants Nurse Janet Moore and Nurse Kim Snow. Following a Report and Recommendation by Magistrate Judge Parker on November 3, 2016, this Court entered an Order dismissing with prejudice all claims against Nurse Kim Snow based on the plaintiff's failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). See docket entry 32.

On February 9, 2018, Magistrate Judge Parker issued a Report and Recommendation recommending that all claims against Nurse Janet

Moore be dismissed with prejudice. On February 12, 2018, the plaintiff filed a Motion for New Trial (docket entry 79), and a Motion for Default (docket entry 80). Because these two motions contain Hinton's Objections to the Report and Recommendation, they will collectively be treated as his Objections. His Motion to Extend Time to File Objections (docket entry 82) does not address any additional objections, and does not show why he could not have included all objections in his previous filings. Insofar as Hinton's Motion for Extension of Time seeks additional time to file a third set of objections, it is denied.

When a party objects to a Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(a party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive or general in nature. Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection

is raised when a petitioner merely re-urges arguments contained in the original petition. <u>Edmond v. Collins</u>, 8 F.3d 290, 293 (5th Cir. 1993).

Hinton's claims presently before the Court arise from events which took place while he was incarcerated at the Pike County Jail. According to the plaintiff, he entered the jail on June 30, 2014, and was transferred to a Mississippi Department of Corrections facility on November 24, 2015. Hinton asserts a claim for denial of adequate medical care against Defendant Nurse Janet Moore, and seeks compensatory damages.

During his evidentiary hearing before Magistrate Judge Parker, Hinton testified that he does not have high blood pressure, but has "high blood pressure tendencies." According to the plaintiff, his blood pressure is not high unless he eats a lot of salt. Hinton testified that he informed Nurse Moore that he wanted a low salt diet. According to the plaintiff, Nurse Moore responded by stating, "do not tell me what you want; tell me what your symptoms are," and informed the plaintiff that the jail does not provide a low salt diet. Hinton testified that he began to feel sick, but Nurse Moore did not provide him help.

The plaintiff also stated that he wrote letters to a lieutenant at the jail and the mayor of the city. According to the plaintiff, he was taken to the Osyka Medical Clinic in November of 2014, and he informed the nurse practitioner at the clinic, Kim

Snow, that he needed a low salt diet. He stated further that Nurse Snow did not provide him a low salt diet, but provided him blood pressure medications. Hinton testified that he continued to feel sick, and Nurse Moore informed him that it would take time for the blood pressure medication to work.

Hinton testified that after he woke up on December 19, 2014, he had pain in his arm and was unable to move the arm well. According to the plaintiff, he informed Nurse Moore that he had had a stroke, but she refused to send him to the hospital and stated, "that will teach you to stay out of jail." Hinton stated that he continued to submit sick call requests, and in February of 2015, he was placed in a "hallway" cell for better observation. The plaintiff testified that Nurse Moore only checked his blood pressure once. He also testified that he washed his food in order to reduce the amount of salt.

Hinton also testified that he complained to Nurse Moore of constipation and requested a high fiber diet, but Nurse Moore denied his request and instead sent him to Osyka Medical Clinic, where he was given a prescription for a stool softener. He also stated that Nurse Moore refused to send him to a dentist after he lost a tooth and refused to refer him for surgery for a knot on his side.

Nurse Moore also testified during the evidentiary hearing, and her testimony paints a very different picture. She submitted a

4

medical record demonstrating that she recommended a "no added salt" diet for the plaintiff, but he refused to sign the form. See Defendant's Exhibit 1. Nurse Moore also testified that the food served at the jail is not high sodium food. According to Nurse Moore, she checked the plaintiff's blood pressure multiple times during his incarceration at the Pike County Jail. She also submitted a medical record indicating that the plaintiff's blood pressure was checked twenty-seven separate times at the jail. See Defendant's Exhibit 6(e).

Nurse Moore testified that although Hinton's blood pressure was sometimes high, it never reached dangerous levels. According to Nurse Moore, she referred Hinton to the Osyka Medical Clinic in November of 2014 because he decided that he wanted medications. See Defendant's Exhibit 9(c). She also stated that once medications were prescribed, she provided them to the plaintiff.

Nurse Moore testified further that on December 19, 2014, the plaintiff approached her and said he had had a stroke. According to Nurse Moore, she assessed the plaintiff and, after seeing no symptoms of a stroke, decided not to send him to the hospital. Nurse Moore stated that Plaintiff was using his arm, had no facial drooping, had no speech difficulty, and had no difficulty with walking. See Defendant's Exhibit 6(c). She also observed Hinton on the jail's cameras and saw that he appeared to have full use of his arms.

In response to this testimony, the plaintiff pointed out that jail policy requires the following: "In the event of a medical emergency, or a perceived medical emergency, jail staff on duty will arrange for medical services without undue delay." See Plaintiff's Exhibit A3. Nurse Moore replied that she did not perceive a medical emergency. She also stated that nearly all the inmates claim they have a medical emergency, and that is why she has to assess them to determine if there is a real emergency.

Nurse Moore testified that after Hinton was attacked by other inmates on July 21, 2015, she assessed his injuries, provided him ice packs, and sent him to an outside medical provider, Stat Care. According to Nurse Moore, the plaintiff also received treatment from an ophthalmologist and otolaryngologist. Nurse Moore stated that she followed the orders of these doctors. Additionally, she testified that the plaintiff was provided Colace and MiraLAX for his issues with constipation, that she provided these medications, and that she even requested that the Colace be provided as a daily medication. See Defendant's Exhibit 9(b). She also stated that on July 13, 2015, after the plaintiff complained about losing a tooth, she assessed him and found no issues, such as bleeding or swelling, requiring referral to a dentist. See Defendant's Exhibit 6(a). Finally, she stated that Nurse Practitioner Kim Snow initially referred Plaintiff for surgery for the knot on his side, but Nurse Snow called the jail and retracted the referral. See Defendant's

6

Exhibit 6(a). According to Nurse Moore, that is the reason she did not refer the plaintiff for surgery.

As Magistrate Judge Parker points out in his Report and Recommendation, a pretrial detainee has a due process right to receive reasonable medical care. See Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996). The right is equivalent to the Eighth Amendment right enjoyed by prisoners. Id. Thus, a pretrial detainee seeking to recover for a denial of adequate medical care must establish deliberate indifference to serious medical needs. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(quoting Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A plaintiff must show that a defendant's "response indicate[d] that the [defendant] subjectively intended that harm occur." Thompson v. Upshur County, 245 F.3d 447, 458-59 (5th Cir. 2001).

An official is not deliberately indifferent unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Id. at 838. A plaintiff must "submit

7

evidence that jail officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." Davidson, 91 Fed. App'x at 965 (quoting Domino, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by jail officials does not rise to the level of a constitutional violation. Daniels v. Williams, 474 U.S. 327, 333-34 (1986). Nor is a plaintiff entitled to the "best" medical treatment available. McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978); Irby v. Cole, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Furthermore, an inmate's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 2001).

This Court has reviewed the evidence presented at the hearing, and based on the credible testimony the Court finds that the plaintiff failed to prove by a preponderance of the evidence that Nurse Moore was deliberately indifferent to any serious medical need. The evidence presented demonstrates that Nurse Moore monitored the plaintiff's chronic conditions, assessed his acute conditions, scheduled multiple appointments for him to see outside

medical professionals, and provided him multiple medications, including blood pressure medications. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995)(holding that "[m]edical records of sick calls, examinations, diagnoses, and medication may rebut an inmate's allegations of deliberate indifference."). The plaintiff complains that Nurse Moore treated his medical issues with medications instead of adjustments to his diet, and also complains that Nurse Moore did not send him to the hospital when he thought it was necessary. However, the plaintiff's claims amount to only disagreement over the course of treatment. "Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." Norton, 122 F.3d at 292. Because the plaintiff was receiving constitutionally adequate medical treatment, his claim against Defendant Nurse Moore must be dismissed with prejudice.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion for New Trial **(docket entry 79)** and Motion for Default as Sanction and Contempt **(docket entry 80)** are collectively treated by the Court as the plaintiff's Objections to Magistrate Judge Parker's Report and Recommendation;

FURTHER ORDERED that to the extent the plaintiff's Motion for New Trial **(docket entry 79)** and Motion for Default as Sanction and Contempt **(docket entry 80)** seek a new trial and sanctions, they are

9

DENIED;

FURTHER ORDERED that to the extent the plaintiff's Motion for Extension of Time to File Objections **(docket entry 82)** seeks additional time to file a third set of objections, said motion is DENIED;

FURTHER ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation **(docket entry 78)** is ADOPTED in its entirety as the findings and conclusions of this Court;

FURTHER ORDERED that the Plaintiff's Complaint under the Civil Rights Act, 42 U.S.C. § 1983, is DISMISSED WITH PREJUDICE.

SO ORDERED, this the 5th day of March, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE